Reices-Colon v. Astrue

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of May, two thousand thirteen.

PRESENT:
DENNIS JACOBS,
*Chief Judge*,
ROSEMARY S. POOLER,
RICHARD C. WESLEY,
Circuit Judges.

_____

CYNTHIA REICES-COLON,

*Plaintiff-Appellant*,

v.                                                    12-3013

MICHAEL J. ASTRUE, Commissioner of Social Security,

*Defendant-Appellee*.

_____

**FOR PLAINTIFF-APPELLANT:**   IDA M. COMERFORD, Law Offices of Kenneth Hiller, Amherst, NY.

**FOR DEFENDANT-APPELLEE:**   THOMAS C. GRAY, Special Assistant United States Attorney (Stephen P. Conte, <u>of counsel</u>) <u>for</u> William J. Hochul, Jr., United States Attorney for the Western District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED.**

Appellant Cynthia Reices-Colon appeals from the district court's grant of Commissioner Astrue's motion for judgment on the pleadings. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"On appeal, we conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied. Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Moran v. Astrue</u>, 569 F.3d 108, 112 (2d Cir. 2009) (internal citation omitted).

1. The Step Two Assessment

Reices-Colon first argues that the ALJ failed to properly perform step two of the five-step sequential evaluation process that this Court has outlined for Social Security claims. <u>See</u> <u>Perez v. Chater</u>, 77 F.3d 41, 46 (2d Cir. 1996). She claims that the ALJ's step two analysis was deficient because the ALJ excluded her anxiety disorder and panic disorder from his review.

2

However, Reices-Colon failed to preserve her argument in the district court. "At least where the claimant is represented by counsel before the district court, the claimant must present the relevant legal arguments in that forum in order to preserve them for appellate review." Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009). By Reices-Colon's own admission, that did not happen.

Even if this argument had not been waived, any error would be harmless. At step two, the ALJ identified other "severe impairments," including Reices-Colon's "back problem, migraine headaches, depression, and post traumatic stress disorder," and therefore proceeded with the subsequent steps. A15. And, in those subsequent steps, the ALJ specifically considered her anxiety and panic attacks. A17-18. Because these conditions were considered during the subsequent steps, any error was harmless. See Zabala v. Astrue, 595 F.3d 402, 410 (2d Cir. 2010) (finding harmless error where the ALJ's consideration of a doctor's report would not have changed the ALJ's adverse determination).

2. Reices-Colon's Ability to Return to Work

Reices-Colon agues that the ALJ made errors of law and fact in determining that she was able to return to her past jobs as a cashier and jeweler. Reices-Colon did not present this argument before the district court, and it is therefore waived. Poupore, 566 F.3d at 306.

Even if the argument had not been waived, it would fail. A disability claimant bears the burden of proving that she cannot return to her past relevant work, either as it is performed in the national economy, or as she actually performed it. 20 C.F.R. §§ 404.1520(f), 416.920(f); see Diaz v. Shalala, 59 F.3d 307, 315 (2d Cir. 1995) (denying a claim where the plaintiff retained the ability to perform her former job as a seamstress). Reices-Colon's argument that working as a jeweler requires years of training that she lacked is belied by her own "as performed" experience. The record shows that she was training to be a jeweler *supervisor* at the time that she stopped her work. The ALJ could find that, if she was skilled enough to supervise her colleagues, she had sufficient expertise to perform the work herself.

3

### 3. The Administrative Record

Reices-Colon next argues that the ALJ misinterpreted the record, and that he should have sought to supplement the record with additional files from Dr. Cheema. Despite Reices-Colon's suggestion that the ALJ had no substantive basis for finding that her symptoms had improved, four pieces of evidence in the record supported such a finding. See A362-64 (treatment notes dated November 2006 indicating that Reices-Colon's chest pains had "improved," and that Effexor "seems to be helping"); A298 (treatment notes dated February 9, 2007 indicating that Reices-Colon's symptoms had shown "some improvement" and that she was "not crying as much"); A158 (treatment notes dated April 6, 2007 indicating that Reices-Colon's "mood improved on Effexor"); A505 (physical therapy notes dated March 2008 indicating that Reices-Colon was "feeling better" and was improving with treatment). Plus, Dr. Ransom (the consultative examiner for Social Security) concluded that Reices-Colon had a "fair to good" prognosis "with continued treatment." A287. Substantial evidence therefore supports the ALJ's finding that Reices-Colon showed improvement with treatment.

Reices-Colon's record supplementation argument is similarly baseless. She identifies no specific record that was missing, much less explains how it would have affected her case. We therefore find no error in the ALJ's development of the record.

We have considered all of Reices-Colon's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4