22-2832-cv
*McCravy v. Kijakazi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> BARRINGTON D. PARKER,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

LINDA MCCRAVY,

> *Plaintiff-Appellant,*

v.                                                                                      22-2832-cv

KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,

> *Defendant-Appellee.*

_____

| | |
|---|---|
| For Plaintiff-Appellant: | PETER A. GORTON, Lachman & Gorton, Endicott, NY. |
| For Defendant-Appellee: | HEETANO SHAMSOONDAR (Ellen E. Sovern, Associate General Counsel, Social Security Administration, *on the brief*), Special Assistant United States Attorney*, on behalf of* Carla B. Freedman, United States Attorney for the Northern District of New York. |

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Stewart, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Linda McCravy ("McCravy") appeals from the judgment of the United States District Court for the Northern District of New York (Stewart, *M.J.*) entered on September 29, 2022, affirming the determination by an Administrative Law Judge ("ALJ") that McCravy was not disabled under the Social Security Act and retained the residual functional capacity ("RFC") to perform "light" work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b).[1] McCravy principally asserts that the ALJ's determination was unsupported by substantial evidence because the ALJ did not adopt any limitations in the RFC corresponding to her migraines or neuropathy. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, "[w]e set aside [an] ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).[2] "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). In determining whether the agency's findings are supported by substantial evidence, "the reviewing court is required to examine the entire record, including

---

[1] As set forth in the regulations, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds, . . . a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b); *see also Titles II & XVI: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2,* SSR 83-10 (S.S.A. 1980).

[2] In quotations from caselaw, this summary order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

contradictory evidence and evidence from which conflicting inferences can be drawn." *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam). However, we "may not substitute [our] own judgment for that of the [ALJ], even if [we] might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Hum. Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

McCravy challenges the ALJ's decision not to adopt any non-exertional limitations caused by her migraines, such as a diminished ability to concentrate, attend work, or work in environments that are noisy or bright, or any exertional limitations caused by her neuropathy, such as a diminished ability to stand for long periods of time. Oral Arg. Audio at 01:20–04:24. We disagree for substantially the same reasons articulated by the ALJ.

As to migraines, the ALJ was unpersuaded by the proposed noise limitation from Dr. A. Saeed, a state agency physician, in light of countervailing evidence that although McCravy complained about worsening headaches, she repeatedly reported "no . . . light or sound sensitivity," as reflected in at least two progress reports by her treating neurologist, Dr. Ahmad Alwan. Certified Administrative Record ("CAR") at 658. McCravy asserts that because the ALJ generally found Dr. Saeed's opinion persuasive, the ALJ's decision not to adopt Dr. Saeed's noise limitation was unsupported by substantial evidence. We disagree. The ALJ's RFC need not "perfectly match" any one medical opinion. *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022); *see also Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981) (noting that an ALJ is not required to "reconcile every conflicting shred of medical testimony"). Rather, the ALJ is entitled to weigh the evidence and make an RFC determination that is consistent with the record as a whole. Because the ALJ properly weighed McCravy's progress reports alongside Dr. Saeed's proposed

noise limitation, we discern no error here that would call into question the basis for the ALJ's determination.

Relatedly, McCravy asserts that by finding her capable of light work, the ALJ's RFC was incompatible with certain medically determined limitations such as an ability to consistently engage in concentrated work and to attend work regularly. We again disagree. Dr. Alwan determined that McCravy's migraines caused her to be off task at least 15% of the workday and absent two days per month.[3] But considering the record as a whole, Dr. Alwan's proposed limitations do not contradict the ALJ's RFC determination nor do they necessitate an express limit in the RFC related to migraines. *See Caroline B. v. Comm'r of Soc. Sec.*, 2018 WL 4609123, at *7–8, 14 (N.D.N.Y. Sept. 25, 2018) (finding the ALJ's RFC determination was supported by substantial evidence notwithstanding evidence that "plaintiff would be off task at least 15% of the workday and absent at least two days per month").

McCravy also asserts that she has difficulty standing because of her neuropathy and, as a result, the ALJ's decision not to expressly adopt a limitation related to this difficulty was unsupported by substantial evidence. To be sure, McCravy presented evidence that she experiences numbness and tingling in her extremities. But the ALJ validly relied on medical reports over the relevant period that also found that McCravy had stable joints, a full range of motion in her cervical spine and forearms, and only "mild" osteopenia and degenerative disc disease. In fact, these reports included evidence that McCravy was capable of walking without an assistive device.

---

[3] For reasons that are unclear in the record, Dr. Alwan's opinion, dated August 19, 2020, was not originally submitted to the ALJ. Nonetheless, after McCravy requested review of the ALJ's decision dated July 8, 2020, the Appeals Council reviewed Dr. Alwan's opinion and determined that there was no "reasonable probability that it would change the outcome of the decision." CAR at 1–2.

The ALJ also cited evidence from Dr. Gilbert Jenouri, a consultative physician, who stated in his report from September 2019, that McCravy showed no sensory deficit, had no difficulty rising from a chair, and possessed the ability to "walk on heels and toes without difficulty." CAR at 795. Coupled with Dr. Jenouri's opinion, McCravy's own prior statements confirmed that she could conduct daily life activities that involve standing, sitting, and walking, which further supported the ALJ's findings. Additionally, the medical opinion of the state agency physician, Dr. R. Mohanty, established that McCravy only had "occasional[]" limitations with activities such as climbing stairs and ladders, balancing, bending, kneeling, crouching, and crawling.[4] CAR at 66.

In sum, the ALJ's determination that during the relevant period, McCravy could perform the full range of "light" work without work-related limitations, was supported by substantial evidence. *See Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002) (noting that "[w]here the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, we will not substitute our judgment for that of the Commissioner"). Accordingly, we affirm the district court's judgment upholding the ALJ's determination, expressing no view regarding any prospective applications for disability and disability benefits that McCravy may submit to the Social Security Administration for periods subsequent to the timespan for which she had applied here.

* * *

---

[4] Similarly, McCravy's argument that the ALJ lacked substantial evidence to conclude that her diabetic neuropathy was not a "severe" impairment at step two provides no basis for remand. The ALJ considered the impact of her neuropathy at subsequent stages of the sequential analysis. Thus, any error at step two was harmless. *See Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (summary order); *Stanton v. Astrue*, 370 F. App'x 231, 233 n.1 (2d Cir. 2010) (summary order).

We have considered McCravy's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk