23-755-cv
*Cardin v. Comm'r of Soc. Sec.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty-four.

Present:
> REENA RAGGI,
> DENNY CHIN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

DAWN KRYSTEN CARDIN,

> *Plaintiff-Appellant*,

v.                                                                          23-755

COMMISSIONER OF SOCIAL SECURITY,

> *Defendant-Appellee.*

_____

For Plaintiff-Appellant:                    Dawn Krysten Cardin, pro se, Grand Island, NY.

For Defendant-Appellee:                    Scott Elliot, Special Assistant United States Attorney, Charles J. Kawas, Acting Associate General Counsel, *for* Trini E. Ross, United States Attorney for the Western District of New York, Office of Program Litigation, Office 2, Social Security Administration, Baltimore, MD.

Appeal from a judgment of the United States District Court for the Western District of New York (Marian W. Payson, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 2, 2023, judgment of the district court is **AFFIRMED**.

Appellant Dawn Cardin, through counsel, sought review of a final determination by the Commissioner of Social Security denying an application for social security disability insurance benefits that was based on (1) a demyelinating disease, later diagnosed as multiple sclerosis ("MS") in 2020, after her date last insured; (2) injury to her right thumb radial nerve; and (3) left shoulder impingement.   Sitting by consent, *see* 28 U.S.C. § 636(c)(1), a magistrate judge granted judgment on the pleadings to the Commissioner because substantial evidence supported the decision by the administrative law judge ("ALJ") that Cardin was not disabled.   *See generally Dawn C. v. Comm'r of Soc. Sec.*, No. 20-CV-1918-MWP, 2023 WL 2307886 (W.D.N.Y. Mar. 1, 2023).   Cardin, now proceeding *pro se*, timely appealed.   We assume the parties' familiarity with the case.

We review *de novo* a district court's judgment on the pleadings in a Social Security case. *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003).   Specifically, in reviewing a district court's decision, we conduct a fresh review of the administrative record to determine whether "substantial evidence" supports the agency's determination and whether the agency applied the "correct legal standard."   *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010).   The substantial evidence standard

requires that we accept the agency's factual findings unless a reasonable factfinder would be compelled to conclude otherwise. *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012).

We conclude that substantial evidence supports the ALJ's determination that Cardin was not disabled. As the district court correctly determined, the ALJ appropriately considered the medical record evidence, consultative examinations, and Cardin's subjective complaints in determining that Cardin had a residual functional capacity of light work and that she could perform her past work as a result. *See Dawn C.*, 2023 WL 2307886, at *2–9. Accordingly, we affirm for substantially the same reasons stated by the district court in its order of March 1, 2023.

Three issues warrant additional discussion. First, Cardin asserts that the ALJ erred by determining that the relevant period of disability began in 2017. However, Cardin forfeited her challenge to the ALJ's calculation of the disability onset date because she did not raise that issue in the district court, and accordingly did not "preserve [that issue] for appellate review." *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009).

Second, Cardin argues that the ALJ erred by dismissing her diagnosis for auditory processing disorder because it was made by an audiologist, whom the ALJ determined was "not an acceptable medical source." Administrative Record at 15. As the Commissioner concedes, an audiologist is an acceptable medical source. *See* 20 C.F.R. § 404.1502(a)(6). Nevertheless, any error in the ALJ's exclusion of the diagnosis from the evaluation of Cardin's medically determinable impairments was harmless because the ALJ ultimately considered her auditory processing disorder diagnosis when assessing her residual functional capacity. *See Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (finding harmless error where ALJ's consideration of excluded report would not have changed adverse determination); *Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013)

3

(holding exclusion of anxiety and panic disorder harmless where ALJ considered anxiety and panic attacks at "subsequent steps" of analysis).

Third, Cardin contends that the ALJ should have considered her 2020 MS diagnosis and that her MS symptoms occurred for years before her diagnosis. But the ALJ did find that Cardin had a demyelinating disease (which MS is), even though the ALJ did not specifically refer to it as MS. Cardin does not explain why recognizing a more specific diagnosis would have undermined the ALJ's conclusions. Further, Cardin's argument that she suffered from symptoms years prior to her MS diagnosis is undercut by her medical records, which showed that she suffered only from mild symptoms and minimal physical and mental limitations prior to the date last insured on March 31, 2019. Moreover, even if, as Cardin claims, her MS symptoms worsened after her date last insured, the ALJ reasonably concluded that this later evidence did not establish that she was disabled on or before March 31, 2019. *See* 42 U.S.C. §§ 423(a)(1)(A), (c)(1); *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (noting applicant for disability insurance benefits must be disabled on or before date last insured).

We have considered Cardin's remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4